IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROOSEVELT CARTER | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-1953-D |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Roosevelt Carter, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed for lack of subject matter jurisdiction.

I.

In 1978, petitioner pled guilty to burglary of a habitation and possession of a prohibited weapon. Punishment was assessed at 10-years probation in each case. While on probation, petitioner was charged with several new offenses. On February 13, 1981, the trial court revoked petitioner's probation and sentenced him to 10-years confinement in the underlying burglary and gun cases. Petitioner was admitted to TDCJ-ID custody on March 4, 1982, with a sentence begin date of May 27, 1981. On December 19, 1983, petitioner was released to mandatory supervision. His mandatory supervised release was subsequently revoked and petitioner was returned to TDCJ-ID custody on April 7, 1987, with jail credit allowed from January 31, 1987. Petitioner discharged his 10-year sentences on May 30, 1988.[1]

---

[1] Petitioner remains incarcerated on a 10-year sentence in a drug case out of Live Oak County, Texas.

On July 6, 2006, more than 18 years after petitioner discharged his sentences for burglary of a habitation and possession of a prohibited weapon, he challenged both convictions in an application for state post-conviction relief. The Texas Court of Criminal Appeals dismissed the writ because petitioner was no longer in custody on those convictions. *Ex parte Carter*, WR-18,811-04 (Tex. Crim. App. Oct. 4, 2006). Petitioner then filed this action in federal district court.

II.

Petitioner raises three broad issues in four grounds for relief. Succinctly stated, petitioner contends that: (1) he is actually innocent; (2) he received ineffective assistance of counsel; and (3) he was denied due process at his probation revocation hearing.

Respondent counters that the court lacks subject matter jurisdiction because petitioner is no longer "in custody" on his burglary and gun convictions. This jurisdictional issue has been fully briefed by the parties and is ripe for determination.

III.

A federal court lacks subject matter jurisdiction to entertain a section 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *See Hendrix v. Lynaugh*, 888 F.2d 336, 338 (5th Cir. 1989) (citing cases). In *Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), the Supreme Court discussed the "in custody" requirement for federal habeas jurisdiction. While recognizing that a prisoner need not be physically confined to be "in custody" for the purposes of section 2254, the Court noted:

> We have never held, however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed. Indeed, [the Court's] decision in *Carafas v. LaVallee*, [391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968)], strongly implies the contrary. . . .

> [O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.

*Id.*, 109 S.Ct. at 1925-26 (emphasis in original). *See also Hendrix*, 888 F.2d at 338 (adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony and enhance future punishment, held insufficient to satisfy the "in custody" requirement of section 2254). Here, petitioner discharged his 10-year sentences for burglary of a habitation and possession of a prohibited weapon on May 30, 1988. (*See* St. Hab. Tr-04 at 35). Consequently, this court lacks subject matter jurisdiction over this action.[2]

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[2] The court notes that another federal writ filed by petitioner, challenging his 10-year sentence in a forgery case that was discharged in 1988, also was dismissed for lack of subject matter jurisdiction. *Carter v. Quarterman*, No. 3-06-CV-1308-K, 2007 WL 320961 (N.D. Tex. Jan. 30, 2007).

DATED: March 15, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE